| | |
|---|---|
| 1 | Robert J. Miller, Esq. (#013334) |
| | Kyle S. Hirsch, Esq. (#024155) |
| 2 | Michael B. Dvoren, Esq. (# 027386) |
| 3 | **BRYAN CAVE LLP** |
| | Two North Central Avenue, Suite 2200 |
| 4 | Phoenix, Arizona 85004-4406 |
| | Telephone: (602) 364-7000 |
| 5 | Facsimile: (602) 364-7070 |
| | Internet: rjmiller@bryancave.com |
| 6 | kyle.hirsch@bryancave.com |
| 7 | michael.dvoren@bryancave.com |
| 8 | Counsel for U.S. Bank N.A., as Trustee for the |
| | Benefit of Harborview 2005-3 Trust Fund |

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DAVID CONNELLY and ELIZABETH CONNELLY,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 4:09-bk-03353-EWH |
| DAVID CONNELLY,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF HARBORVIEW MORTGAGE LOAN TRUST 2005-3, AND DOES 1-1000,<br><br>Defendants. | Case No. 4:12-ap-00100-EWH<br><br>**MOTION TO DISMISS WITH PREJUDICE AND REQUEST FOR JUDICIAL NOTICE**<br><br>**Hearing Date: Not yet set.**<br>**Hearing Time: Not yet set.** |

Defendant U.S. Bank National Association, as Trustee for the Benefit of Harborview 2005-3 Trust Fund ("Defendant"), hereby moves for dismissal of the complaint ("Complaint") filed in this adversary proceeding by Plaintiff and Chapter 13 debtor David Connelly ("Plaintiff"), with prejudice, pursuant to Federal Rule of Civil Procedure 12(b) (incorporated into this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012), for failing to state any claim upon which relief may be granted. Defendant incorporates within this Motion a

request for judicial notice of matters either referred to by Plaintiff in his Complaint or available in the public record.

Dismissal with prejudice is requested not only as to Plaintiff, but also to his co-debtor wife, Elizabeth J. Connelly (collectively with Plaintiff, "Borrowers"), who is jointly and severally obligated under the loan transaction that is the subject of this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND.

1. On or about March 29, 2005, Borrowers obtained a loan from ComUnity Lending, Inc. d/b/a Paradigm Home Lending ("Original Lender") in the original principal amount of $273,523.00 ("Loan"). [*See* Complaint, at 2 ¶ 3]

2. The Loan is evidenced by a promissory note dated March 29, 2005 in the principal amount of the Loan ("Note"). *Id.* Defendant attaches as Exhibit A a true and correct copy of the note, the original of which is in Defendant's possession.[1]

3. The Note reflects endorsements: (i) from Original Lender to Countrywide Document Custody Services, a division of Treasury Bank, N.A. ("Countrywide"), without recourse; (ii) from Countrywide to Countrywide Home Loans Inc. ("CHL"), without recourse; and (iii) from CHL in blank, without recourse. *See* Note.

4. Borrowers' payment and performance obligations under the Loan and the Note are secured by a lien encumbering the real property used by Borrowers as their primary residence located at 11085 W. Denier Dr., Marana, AZ 85653 ("Property") pursuant to that

---

[1] The Court may consider the Note, as well as the other documents attached hereto as exhibits, without converting this motion into a motion for summary judgment. "[A] district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (internal citations and quotations omitted). Moreover, the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

certain Deed of Trust dated March 29, 2005 and recorded in the Pima County Recorder's Office ("Recorder's Office") at Docket 12521, Page 9100, Sequence No. 20050621419 ("Deed of Trust"). [*See* Complaint, at 2-3 ¶¶ 3-4, at 5 ¶ 7(D)] Defendant attaches as Exhibit B a true and correct copy of the recorded Deed of Trust.

5. The Deed of Trust identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Original Lender and its successors and assigns and as the beneficiary under the Deed of Trust. *See* Deed of Trust, at 1 ¶ (E).

6. MERS assigned all of its right, title and interest in and to the Deed of Trust to Defendant as set forth in, among other things, that certain Corporation Assignment of Deed of Trust recorded in the Recorder's Office on September 29, 2009 at Docket 13653, Page 3428, Sequence No. 20091880716 ("Assignment"). [*See* Complaint, at 5 ¶ 7(A)] Defendant attaches as Exhibit C a true and correct copy of the Assignment.

7. Borrowers defaulted on their obligations under the Loan by, among other things, failing to make their monthly payments beginning with the payment that was due on October 1, 2008. Accordingly, Defendant commenced enforcement of certain of its default rights and remedies.

8. Defendant appointed ReconTrust Company, N.A. ("ReconTrust") as successor trustee under the Deed of Trust, as evidenced by that certain Substitution of Trustee Arizona recorded in the Recorder's Office on September 29, 2009 at Docket 13653, Page 3430, Sequence No. 20091880717 ("Substitution"). [*See* Complaint, at 5 ¶ 7(B)] Defendant attaches as Exhibit D a true and correct copy of the Substitution.

9. ReconTrust noticed a trustee's sale of the Property to take place on December 31, 2009, pursuant to that certain Notice of Trustee's Sale Arizona recorded in the Recorder's Office on September 29, 2009 at Docket 13653, Page 3422, Sequence No. 20091880718 ("Notice"). [*See* Complaint, at 5 ¶ 7(C)] Defendant attaches as Exhibit E a true and correct copy of the Notice.

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

10. On December 29, 2009, two days before the scheduled trustee's sale of the Property, Borrowers filed a voluntary petition as joint debtors for Chapter 13 protection under the United States Bankruptcy Code.

11. On January 6, 2012, ReconTrust recorded a Cancellation of Trustee's Sale in the Recorder's Office at Sequence No. 20120060736 ("Cancellation"), thereby cancelling the trustee's sale of the Property. Defendant attaches as Exhibit F a true and correct copy of the Cancellation.

12. On January 16, 2012, Plaintiff commenced this adversary proceeding by filing the Complaint.

## II. LEGAL STANDARD.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and need not be accepted as true. *Iqbal*, 129 S. Ct. at 1949-50.

A plaintiff cannot meet his burden simply by contending that he "might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 550 U.S. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Moreover, where there is an

"obvious alternative explanation" for the conduct alleged, the complaint should be dismissed for failure to state a claim. *Id.* at 1951. To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." *Id.* at 1950.

The Court is not "required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman*, 143 F.3d at 1295-96. Rather, the Court may also consider matters subject to judicial notice in connection with deciding a motion to dismiss. *Pesci v. IRS*, 67 F.Supp.2d 1189, 1191-92. A court may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is mandatory "if requested by a party and [the Court is] supplied with the necessary information." Fed. R. Evid. 201(c). Matters of public record are properly subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (district court may properly take judicial notice of undisputed matters of public record).

## III. ARGUMENT.

Plaintiff has failed to assert any legitimate claim against Defendant that can be decided by this Court, warranting dismissal.

### A. Count I Fails Because Defendant Is Lawfully Entitled To Enforce The Loan.

Count I asserts two separate bases for seeking a determination that Plaintiff is entitled to relief against Defendant's efforts to enforce the Loan. Plaintiff asserts that Defendant is neither the "owner" of the Note nor the "holder" of the Note, and therefore cannot enforce the Note. Plaintiff essentially offers a "show me the note" argument in an attempt to escape his liability under the Loan, asking that the Court entertain a full investigation of the process by which Defendant acquired the Note. Such relief is unwarranted, and neither of the enforcement arguments presented by Plaintiff can survive dismissal.

As between Plaintiff and Defendant, the method by which Defendant acquired the Note is meaningless, warranting dismissal. Plaintiff does not assert that he is the owner of the Note, and

fails to identify another entity that asserts a competing claim of ownership of the Note. Rather, Plaintiff asserts a challenge to ownership simply as a method of evading his payment obligations.

Applicable state law controls who may lawfully enforce a promissory note. *Butner v. United States*, 440 U.S. 48, 999 S.Ct. 914 (1979) (property rights are determined under state law); *In re Montagne*, 421 B.R. 65, 73 (Bankr. D. Vt. 2009) (applicable non-bankruptcy law applies to enforcement of promissory notes). Under Arizona law, the holder of a note has the right to enforce it. A.R.S. §47-3301; *In re Weisband*, 427 B.R. 13, 18-19 (Bankr. D. Ariz. 2010) (sustaining claim objection due to defective evidence of endorsement). The holder is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." A.R.S. § 47-1201(B)(21)(a); *Weisband*, 427 B.R. at 18-19. *See also In re Veal*, 450 B.R. 897, 920 (9th Cir. B.A.P. 2011) (citing *Weisband* in concluding that the creditor must be a "person entitled to enforce" the Note). "Bearer" is the person in possession of a negotiable instrument payable to bearer or endorsed in blank. A.R.S. § 47-1205(5). Thus, ownership is not a necessary precondition for enforcement, and no relief is available to Plaintiff by challenging whether Defendant owns the Note.

Defendant has attached hereto (i) a copy of the Note, properly endorsed in blank, the original of which is in Defendant's possession; and (ii) a copy of the recorded Assignment. Defendant is entitled to enforce the Note as the holder – Defendant is the person in possession of a negotiable instrument that is endorsed in blank, thereby allowing Defendant to enforce the Note pursuant to Arizona law as described above.

Plaintiff cannot establish any circumstances that present any technical or substantive basis upon which his desperate challenge of Defendant's enforcement rights can survive. Defendant is therefore entitled to dismissal of Count I.

**B.  Dismissal Of Count II Is Justified Because The Fraudulent Or False Recording Claim Is Non-Core And Otherwise Fails As A Matter Of Law.**

Plaintiff's Count II asserts a right to actual and/or statutory damages as a result of alleged false recordings under Arizona law. As an initial matter, the Court lacks authority to issue final orders as to purely state law, non-core claims. *See Stern v. Marshall*, __ U.S. __, 131 S.Ct. 2594,

2601-02 (2011) (distinguishing between the bankruptcy court's authority as to core and non-core state law claims); *accord In re Deitz*, 2012 WL 1497795, at *10 (narrowing *Stern* as inapplicable to certain core proceedings, such as dischargeability and claims liquidation proceedings, that rely on purely state law claims). "Core" proceedings are defined at 28 U.S.C. §157(b)(2), and generically include those matters that concern administration of a debtor's bankruptcy estate, the creditor/debtor relationship, the use or disposition of estate property, and the liquidation or reorganization of the bankruptcy estate. Count II is an action for damages under Arizona statutory law based on alleged false or fraudulent recordation of documents. No aspect of Count II affects the administration of the Debtor's estate, and is therefore not "core" as defined by the United States Code. Accordingly, dismissal is warranted as to Count II, a non-core claim which asserts damages solely under state law.

Count II alleges violations of A.R.S. § 33-420 based on the Assignment, Substitution, and Notice. [Complaint, at 4-5 ¶7] The allegations fail to state a claim on which relief may be granted, because A.R.S. § 33-420 applies only to documents that *create* an interest in real property; it does not govern assignments, substitutions, and notices. *E.g., McIntosh v. IndyMac Bank, FSB*, No. CV-11-1805-PHX-GMS, 2012 WL 176316, at *5 (D. Ariz. Jan. 23, 2012) (dismissing allegations that assignments and notices violated A.R.S. § 33-420); *In re Mortgage Electronic Registration Systems (MERS) Litigation*, No. CV-10-1547-PHX-JAT, 2012 WL 932625, at *3 (D. Ariz. Mar. 20, 2012) (same); *Schayes v. Orion Fin. Grp., Inc.*, 2011 WL 3156303, at *5-6 (D. Ariz. July 27, 2011) (same).

Having failed to raise any plausible allegations warranting relief, Count II must be dismissed.

**C. Plaintiff's Miscellaneous Payments Claim Lacks Any Basis In The Law, Justifying Dismissal Of Count IV.**

Plaintiff erroneously relies on the "Miscellaneous Proceeds" provision in the Deed of Trust and the so-called "discharge by payment" rule in asserting that, to the extent Defendant actually owns the Loan through a securitized trust agreement, Plaintiff is entitled to credit for

714530.4 [0336183]                                        7
Case 4:12-ap-00100-EWH    Doc 7    Filed 05/11/12    Entered 05/11/12 16:58:13    Desc
                         Main Document      Page 7 of 11

unknown, presumed miscellaneous payments made by third parties, such as credit default swap sellers.

Plaintiff completely misstates and misconstrues that the Deed of Trust as requiring application of third party payments other than certain insurance payouts. The Deed of Trust defines "Miscellaneous Proceeds" as monies obtained as a result of Property loss or valuation disputes:

> any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

Deed of Trust, at 2 ¶ (N). None of the alleged "miscellaneous payments" in which Plaintiff asserts a credit right fall within the narrow bounds of the Deed of Trust, as Plaintiff does not and cannot assert the existence of any payments relating to Property loss or valuation disputes. Plaintiff has failed to, and cannot, identify any third party payments for which he is entitled to credit as "Miscellaneous Proceeds" as defined under the Deed of Trust.

The "miscellaneous payment" rule asserted by Plaintiff does not apply. The Arizona statute, cited by Plaintiff in the Complaint, expressly relates only to payments made "by or on behalf of a party obligated to pay the instrument." A.R.S. § 47-3602(A); *see* Complaint, at 18 ¶ 6. Plaintiff maintains that the Uniform Commercial Code contains similar language requiring a creditor to apply payments "made by or on behalf of a party obligated to pay the Note." Complaint, at 18 ¶ 6. Plaintiff cannot allege, and has not alleged, that any payments were made by or on his behalf, thereby requiring dismissal of Count IV.

### D. Declaratory Relief Is Redundant Of Plaintiff's Otherwise Invalid Causes Of Action.

Plaintiff admits that he seeks declaratory relief in Count III to the extent the other claims do not provide Plaintiff with the relief he really wants. However, because the other claims fail as

1  a matter of law and Plaintiff has established no legal basis for obtaining the declarations sought,
2  he is not entitled to any of the declaratory relief asserted.

### E. Request For Injunctive Relief Must Be Denied.

In connection with Count I, Plaintiff pleads a right to injunctive relief that he contends "will not be ripe until the final results on the merits is reached." Complaint, at 7 ¶ 16.

In order to obtain injunctive relief, a party typically applies for a temporary restraining order, which requires that the Plaintiff establish:

> (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may grant the injunction if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardship tips sharply in his favor.

*In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093 (9th Cir. 2007) (quoting *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005)) (emphasis in original). Plaintiff's failure to sufficiently plead facts or causes of action justifying relief in this adversary prevents the Court from appropriately considering any request for injunctive relief. As described herein, the Complaint is ripe for dismissal in its entirety; Plaintiff has failed to assert he will suffer any injury, let alone immediate, irreparable injury; and Plaintiff offers no hardships to balance or any matters of public interest to consider. Moreover, Plaintiff has failed to present specific facts in an affidavit of a verified complaint to clearly show that immediate and irreparable injury, loss or damage will result as required under Federal Rule of Bankruptcy Procedure 7065. Dismissal of Plaintiff's request for injunctive relief is appropriate.

### F. Defendant Is Entitled To An Award Of Its Fees And Costs Incurred.

The Note and the Deed of Trust contain an attorneys' fee provision, entitling Defendant to collect its reasonable fees for all actions taken to enforce collection of amounts due and owing under the Loan. Moreover, Arizona law authorizes Defendant to recover its costs and attorneys' fees as the prevailing party. *See* A.R.S. § 12-341.01. Defendant should therefore be awarded its fees incurred in connection with defending the allegations set forth in this adversary proceeding.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

## IV. REQUEST FOR JUDICIAL NOTICE.

A court may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is mandatory "if requested by a party and [the Court is] supplied with the necessary information." Fed. R. Evid. 201(d).

A court may properly take judicial notice of documents that are in the public record. *See Lee*, 250 F.3d at 689-90. There is no dispute that the Deed of Trust, Assignment, Substitution, Notice, and Cancellation are in the public record, and the copies attached hereto as exhibits can be readily verified by comparison to the documents recorded in the Recorder's Office. The Court can therefore properly take judicial notice thereof.

## V. CONCLUSION.

WHEREFORE, Defendant requests that this Court enter an order as follows:

(a) Granting this Motion in its entirety and dismissing this adversary proceeding, with prejudice, as to the Borrowers;

(b) Awarding Defendant its attorneys' fees incurred in connection with this adversary proceeding upon application to the Court; and

(c) Granting such other and further relief as the Court deems just and proper under the circumstances.

DATED this 11th day of May, 2012.

BRYAN CAVE LLP

By: /s/ KSH, 024155
Robert J. Miller
Kyle S. Hirsch
Michael B. Dvoren
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406

Counsel for U.S. Bank N.A., as Trustee for the Benefit of Harborview 2005-3 Trust Fund

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1  COPY of the foregoing served via e-mail
2  this 11th day of May, 2012, upon:

3  Ronald Ryan
   Ronald Ryan, P.C.
4  1413 E. Hedrick Drive
   Tucson, AZ 85719-2633
5  Ronryanlaw@cox.net
   Counsel for Plaintiff
6
   COPY of the foregoing served via U.S.
7  Mail this 11th day of May, 2012, upon

8  Office of the United States Trustee
9  230 N. First Avenue, Suite 204
   Phoenix, AZ 85003

 /s/ Donna McGinnis